IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**WILLIE DUMAS, III,**

    **Movant,**

v.                           **Case No. 5:16-cv-05779**
                             **Criminal Case No. 5:04-cr-00058**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### **PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF Nos. 277, 284, 285), and his motion for bond, (ECF No. 295); as well as Respondent's motion to hold the deadline to file a response to the § 2255 motion in abeyance, (ECF No. 287). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **DENIES**, as moot, Respondent's motion to hold the response deadline in abeyance and further **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that Movant's motions be **DENIED**, and this matter be **DISMISSED** from the docket of the Court.

1

## I. Discussion

On May 26, 2005, Movant was convicted of conspiracy to possess with intent to distribute cocaine base in violation of federal law. (ECF No. 136).[1] The Court applied a career offender sentence enhancement under §4B1.1 of the United States Sentencing Guidelines ("the Guidelines") on the basis that Movant had a prior felony conviction for controlled substances and a prior conviction for intimidation of a witness, which the Court considered to be a "crime of violence." (ECF No. 158 at 5, 10, 12). Under the relevant Guidelines, a defendant could receive an increased sentence as a career offender if he had two prior convictions for "a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. A "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* at § 4B1.2(a) (emphasis added). The italicized portion of the above-quoted definition is known as a residual clause.

Movant filed a direct appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which affirmed his conviction and sentence on July 18, 2006. (ECF Nos. 168, 169). Movant did not file a petition for rehearing in the Fourth Circuit or a petition for certiorari in the Supreme Court of the United States ("Supreme Court"), but he thereafter filed an unsuccessful motion under § 2255. (ECF Nos. 175, 210, 211, 236,

---

[1] The citations in this PF&R reference the docket entries in Movant's criminal case, *U.S. v. Dumas*, No. 5:04-cr-00058.

2

237). On May 27, 2016, Movant filed the instant second or successive motion under § 2255 in which he contends that he is no longer a career offender because his predicate conviction for intimidation of a witness no longer qualifies as a crime of violence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 277, 285).[2] The Fourth Circuit granted Movant authorization to file this second or successive § 2255 motion. (ECF No. 276).

In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. As defined in the ACCA, the term "violent felony" included any crime punishable by imprisonment for a term exceeding one year that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the catchall definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

In this case, Movant does not argue that he was sentenced as a career offender under the residual clause in the ACCA. Rather, Movant contends that the holding in *Johnson* extends to his case because he was sentenced under the identically-worded

---

[2] Pursuant to the "prison mailbox rule," the undersigned applies the date on Movant's certificate of service, (ECF No. 277 at 4), as opposed to the date that the clerk of court received his motion. *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) ("pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'") (citing *Houston v. Lack*, 487 U.S. 266, 266, 108 S. Ct. 2379, 2380, 101 L. Ed. 2d 245 (1988)).

residual clause in the Guidelines. (ECF Nos. 277, 285). Acknowledging the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations on § 2255 motions,[3] Movant asserts that his § 2255 petition—although filed more than 9 years after his judgment of conviction became final—is timely because it was filed within one year of the Supreme Court's decision in *Johnson*—a ruling which established a newly recognized right that is retroactively applicable to cases on collateral view. (ECF No. 285 at 2) (referencing 28 U.S.C. § 2255(f)(3)).

Respondent sought to stay this matter pending resolution of the case *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court was asked to examine the constitutionality of the career offender residual clause in the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. (ECF No. 286). Respondent also asked the undersigned to hold the deadline to file its response to Movant's § 2255 motion in abeyance until the District Court ruled on the motion to stay. (ECF No. 287). The District Court declined to issue a stay and Respondent filed its response brief to which Movant filed a reply. (ECF Nos. 290, 293, 294). Therefore, Respondent's motion to hold the response deadline in abeyance is moot. Movant subsequently also filed a motion seeking to be released on bond pending the Court's ruling on his § 2255 motion. (ECF No. 295)

Days after Movant filed the foregoing motion asking to be released on bond, the

---

[3] Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Supreme Court issued its decision in *Beckles*, finding that the residual clause in the Guidelines was not unconstitutionally vague. *Beckles*, 137 S. Ct. at 892. The Court explained that "[u]nlike the ACCA ... the advisory Guidelines do not fix the permissible range of sentences." *Id.* Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* As such, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id.* Consequently, *Johnson* did not establish a newly recognized right applicable to Movant's circumstances.

In light of the Supreme Court's decision in *Beckles*, Movant filed a supplemental memorandum in support of his § 2255 motion. (ECF No. 296). Movant argues that *Beckles* applies only to *advisory* Guidelines and does not preclude his *Johnson* claim, because he was sentenced during a period when the Guidelines were "effectively mandatory." (*Id.* at 6). In short, Movant states that although he was sentenced after the Guidelines became advisory pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), he was sentenced before *Kimbrough v. United States*, 552 U.S. 85 (2007), during a period which courts allegedly failed to apply the Guidelines in a truly advisory manner. (*Id.* at 1-6). In any event, Movant does not dispute that the only way that his § 2255 motion is timely is if it meets the requirements of § 2255(f)(3). (ECF No. 299). On that basis, Movant reiterates that his motion is timely under § 2255(f)(3) because it was filed within one year of the Supreme Court's holding in *Johnson*. (*Id.*).

Movant's argument that he was sentenced when the Guidelines were "effectively mandatory" is curious given the fact that the Court specifically discussed its application of *Booker* in determining his sentence. (ECF Nos. 118, 119, 158). However, even assuming

5

that Movant was sentenced as a career offender using the residual clause in the mandatory Guidelines, his § 2255 motion is untimely. The Fourth Circuit recently addressed this argument in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). The petitioner in *Brown* was sentenced as a career offender based, in part, on a prior "crime of violence" under the residual clause in the Guidelines. Like the present case, the petitioner in *Brown* challenged his sentence under § 2255 based upon the Supreme Court's holding in *Johnson*. On appeal, the Fourth Circuit noted that the petitioner could meet the AEDPA time bar only if Supreme Court precedent rendered his motion timely by *recognizing* a new right entitling him to relief. *Brown*, 868 F.3d at 299 (citing 28 U.S.C. § 2255(f)(3)) (emphasis in original). However, the Fourth Circuit concluded that "neither *Johnson*, nor *Beckles*, nor any other Supreme Court case" yet recognized the specific right on which Brown sought to rely. *Id.* at 299.

As the Fourth Circuit explained, *Johnson* dealt only with the ACCA; it did not discuss the residual clause in either the advisory or mandatory version of the Guidelines. *Id.* at 302. Thereafter, in *Beckles*, the Supreme Court "expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges." *Id.* at 300. The Fourth Circuit found that "the *Beckles* Court made clear that the right announced in *Johnson* did not automatically apply to all similarly worded residual clauses." *Id.* at 302. "Hence, *Beckles* confirm[ed] that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause." *Id.*

In brief, the Fourth Circuit found that "[i]n a future case, the Supreme Court may agree with an argument similar to [the petitioner's] that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like [the] ACCA."

6

*Id.* at 303. Yet, the Fourth Circuit stated that *Beckles* demonstrated that the similarity of the residual clause in the Guidelines to the ACCA "is not enough to bring a challenge within the purview of the right recognized by *Johnson*." *Id.* Therefore, the Fourth Circuit held that at least for purposes of collateral review, courts must wait for the Supreme Court to rule that the residual clause in the mandatory version of the Guidelines is unconstitutionally vague. *Id.* Until then, the petitioner in *Brown* raised "an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by [the petitioner] remains an open question in the Supreme Court." *Id.*

Thus, in light of the Fourth Circuit's decisions in *Beckles* and *Brown,* and for the other reasons stated herein, the undersigned **FINDS** that Movant's motion is untimely and must be dismissed; accordingly, the other pending motions in this action are moot.

## II.   Proposal and Recommendations

The undersigned **DENIES** Respondent's motion to hold the response deadline in abeyance. (ECF No. 287). The undersigned further respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, including all supplements, (ECF Nos. 277, 284, 285), be **DENIED** as untimely; the motion for bond, be **DENIED**; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall

have fourteen days (filing of objections) and three days (if PF&R is received by mail) from the date of filing this PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** December 8, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge